**United States District Court**
For the Northern District of California

1
2
3
4
5             UNITED STATES DISTRICT COURT
6            NORTHERN DISTRICT OF CALIFORNIA
7
8    DORIS MCCOVEY,                 )    No. C-06-0681 SC
9                                   )
            Plaintiff,              )
10                                  )    ORDER DENYING
                                    )    DEFENDANTS' MOTION TO
11       v.                         )    STAY ACTION
                                    )    AND
12                                  )    GRANTING MOTION TO
     ASTRAZENECA PHARMACEUTICALS, L.P. )  DISMISS ACTION
13   et al.,                       )    WITHOUT PREJUDICE
                                    )
14          Defendants.             )
                                    )
15                                  )
                                    )
16   _____ )

17       Plaintiff Doris McCovey moves the Court to dismiss her action

18   without prejudice under Local Rule 7-11 and Federal Rule of Civil

19   Procedure 41(a)(2).  Defendants move the Court to stay the action

20   pending transfer to multidistrict proceedings.  The Court GRANTS

21   Plaintiff's motion to dismiss without prejudice and DENIES

22   Defendants' motion to stay.

23   I.  **BACKGROUND**

24       On January 30, 2006, Plaintiff filed a Complaint against

25   Defendants.  On July 11, 2006, Defendants filed an Answer.

26   Excluding the instant motions before the Court and their

27   associated responses, there does not appear to have been any other

28   significant activity by the parties in the case.

On July 21, 2006, a conditional transfer order was filed which listed the instant action.  See Conditional Transfer Order (CTO-2), In Re Seroquel Products Liability, Docket No. 1769, Schedule CTO-2 - Tag-Along Actions (July 21, 2006) ("Conditional Transfer Order").  The Conditional Transfer Order, however, is just that, conditional, and thus this Court retains jurisdiction over the instant action, including any related pretrial motions, under Rule 1.5 of the Rules for Multidistrict Litigation.  See 199 F.R.D. § 425 ("The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.").[1]

## II.  PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

When ruling on a motion for voluntary dismissal, the Court is required to "consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). However, as Hamilton makes clear, "[p]lain legal prejudice does not result simply when defendant faces the prospect of a second

_____

[1] For the sake of clarity, the Court notes the terms "motion" and "order to show cause" as used in Multidistrict Litigation Rule 1.5 refer to motions and orders to show cause which are before the Judicial Panel on Multidistrict Litigation.  They do not refer to motions or orders to show cause, such as the instant motion, which are before the district court in which a potentially transferred action was filed.

lawsuit or when plaintiff merely gains some tactical advantage."
Id.  Rather, it is created when, for example, "extensive
discovery" and "intensive preparation for trial" have already been
conducted by the defendant, or when the claims to be dismissed are
inextricably linked to those which would remain.  Kern Oil
Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir.
1986).  And even then, a significant showing of such factors must
be made.  Id.

In support of their argument that they would suffer plain
legal prejudice if Plaintiff's motion is granted, Defendants argue
they would be prejudiced by the "loss of a federal forum," and
that this prejudice would be "compounded by plaintiff[']s . . .
'bad faith' forum-shopping tactics," of which Defendants see this
motion as an example.  Defendants Astrazeneca Pharmaceuticals LP
and Astrazeneca LP's Opposition to Plaintiff's Motion for
Administrative Relief at 3-4 ("Defs' Opp.").

Defendants spend most of their argument on this last point,
which is odd given this Court's rejection of similar arguments in
the context of related litigation.  As the Court stated in those
cases, plain legal prejudice is not shown by demonstrating "the
prospect of a second lawsuit or when plaintiff merely gains some
tactical advantage through the use of a procedural device."
Hamilton, 679 F.2d at 145.  Defendants' arguments about "bad
faith" and "abuse of the judicial process" and "forum-shopping"
are all in this vein.  Defs' Opp. at 3-4.

In support of their argument that they would experience plain
legal prejudice in the form of the loss of a federal forum,

United States District Court
For the Northern District of California

Defendants cite dicta from a Ninth Circuit Court of Appeals case and a distinguishable case from the Eastern District of California, and give no explanation why they would suffer from such a result or why this would constitute a detriment to their cause.  See Defs' Opp. at 3.

The entire passage in Westland Water Dist. v. United States from which Defendants selectively quote reads:  "For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." 100 F.3d 94, 97 (9th Cir. 1996) (emphasis added).  Especially in light of the holding of Hamilton discussed above, such dicta is not sufficient in-and-of-itself to establish the per se rule for which Defendants appear to argue.

The other case Defendants cite from our sister district in the East, Roybal v. Equifax et al., C-05-1207-MCE-KLM, 2006 WL 988537 (E.D. CA., April 14, 2006), does little to further their cause.  In Roybal, it was not simply the defendants' "loss of a federal forum" which led the court to find that the defendants would suffer plain legal prejudice if the court granted the plaintiff's motion for voluntary dismissal, but rather the fact that the "case [was] well underway" by the time the plaintiff made the motion.  Id. at *2; see also Kern Oil Refining Co., 792 F.2d at 1390 (describing factors related to status of case which indicate that a defendant would suffer plain legal prejudice if a motion for voluntary dismissal without prejudice was granted).  Here, in contrast, the case is barely underway:  besides the

4

United States District Court
For the Northern District of California

instant motions, there has been almost no action by the parties
beyond the filing of a Complaint and Answer.

Finally, Defendants did not explain to the Court why they
would be denied a federal forum if the Court granted Plaintiff's
motion or how their cause would suffer as a result.  <u>See</u> Defs'
Opp. at 3.  Defendants appear to request the Court simply accept
both assertions, including their negative implications regarding
the Court's sister courts in state systems.  The Court declines
the invitation.

Plaintiff's motion for voluntary dismissal of her action
without prejudice is, therefore, granted.

**III. <u>DEFENDANTS' MOTION TO STAY</u>**

Plaintiff accurately characterizes Defendants' motion for a
stay "as an 'end run' around plaintiff[']s pending motion[] for
voluntary dismissal without prejudice."  Plaintiffs' [sic]
Opposition to Motion to Stay Action at 1 ("Pl.'s Opp.").  Both
parties agree that the Court should consider the following factors
in determining whether to grant the stay:  "(1) potential
prejudice to the non-moving party; (2) hardship or inequity to the
moving party if the action is not stayed; and (3) the judicial
resources that would be saved by avoiding duplicative litigation
if the cases are in fact consolidated."  <u>Rivers v. Walt Disney Co.</u>
980 F.Supp. 1358, 1360 (C.D. CA. 1997); <u>see</u> Pl.'s Opp. at 1-2;
Defendants' Motion for Administrative Relief to Stay Action
Pending Transfer to Multidistrict Proceedings at 3 ("Defs' Mot.").

Oddly, Defendants do not discuss the second element in terms
of the hardship or inequity which they would experience absent a

United States District Court
For the Northern District of California

stay, but rather the "prejudice" they would suffer, "[i]f individual district courts," including this Court, "allowed cases to proceed." See Defs' Mot. at 4 (emphasis added). Setting aside that prejudice is not what Defendants needed to show, see Rivers, 980 F. Supp. at 1360, this argument fails for the perfectly obvious reason that the only thing that would be stayed if the Court granted Defendants' motion would be the Plaintiff's motion which seeks to stop the case from proceeding.

Defendants further claim that granting the stay would prevent both parties from being "forced to engage in needless motion practice," and would "promote judicial economy." Id. at 3-4. The Court finds these arguments not only unavailing, but ironic, in light of the duplicative nature of the instant motions before the Court when viewed in relation to one another and in the context of this Courts' past orders in related cases.

Finally, Plaintiff convincingly argues that she would be prejudiced if she were forced into a court on the other side of the country solely for the purpose of litigating her motion to dismiss her action against Defendants. The Court has difficulty imagining a greater waste of not only judicial resources, but also party resources and even natural resources used to fly the parties, their representatives, and their materials across the country for this purpose.

Defendants' motion for a stay is, therefore, denied.

/

/

/

6

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to dismiss without prejudice is GRANTED, and Defendants' motion for a stay is DENIED.   Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 9, 2006

_____
UNITED STATES DISTRICT JUDGE